United States Court of Appeals
Fifth Circuit

**F I L E D**

September 1, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-10121
Summary Calendar

**UNITED STATES OF AMERICA,**

Plaintiff-Appellee,

versus

**RICHARD BRANDON SUMMERS,**

Defendant-Appellant.

**Appeal from the United States District Court
for the Northern District of Texas
(6:03-CR-42-2-C)**

Before HIGGINBOTHAM, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Richard Brandon Summers appeals his conviction and sentence for being a felon in possession of a firearm and possessing a firearm with an obliterated serial number. Summers pleaded guilty but reserved the right to appeal the denial of a motion to suppress evidence obtained at a traffic stop of the car in which he was riding and the right to appeal an incorrect application of the sentencing guidelines. Summers contends that the stop was unjustified in its inception and was unlawfully extended in its

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

scope; he also contends that he should have received an additional one point reduction for acceptance of responsibility.

The district court did not commit clear error by believing the testimony of the arresting officer that he stopped the car because of the driver's failure to signal before turning. Hence, the traffic stop was justified at its inception. *See **Whren v. United States***, 517 U.S. 806, 810 (1996) (stop is reasonable if police have probable cause to believe traffic violation has occurred); ***United States v. Garza***, 118 F.3d 278, 283 (5th Cir. 1997) (deferring to district court's findings as to credibility of witnesses), *cert. denied sub nom. **Innocenio v. United States***, 522 U.S. 1051 (1998).

Nor was the scope of the stop unlawfully extended. There was "additional articulable, reasonable suspicion" for the detention. *See **United States v. Valadez***, 267 F.3d 395, 398 (5th Cir. 2001). The officer was writing a citation to the vehicle's driver, James Baird, for failure to provide adequate proof of insurance. *See **United States v. Shabazz***, 993 F.2d 431, 437 (5th Cir. 1993) (officer may request insurance papers and issue citation). The officers also had a reasonable suspicion about Summers' identity. Unlike the driver, Summers did not produce a driver's license or other photographic identification. Summers was riding in a car registered to Raymond Turner, and a man by that name was wanted on a felony arrest warrant.

2

Summers received a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) but contends that he should have received an additional reduction under U.S.S.G. § 3E1.1(b).  No reduction under that subpart is allowed unless the Government moves for one; it did not do so.  U.S.S.G. § 3E1.1(b) and comment. (n.6).

*AFFIRMED*

3